United States District Court
Southern District of Texas
**ENTERED**
November 20, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL Q. BROWN, TDCJ #630050, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-0362 |
| MR. RODRIGUEZ, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Michael Q. Brown (TDCJ #630050, former SPN #1113425) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint")(Docket Entry No. 1), regarding an altercation he had with another inmate at the Harris County Jail, where Brown was formerly in custody. At the court's request, Brown has filed Plaintiff's More Definite Statement of his claims (Docket Entry No. 23). Because Brown is an inmate proceeding in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). After considering all of the pleadings the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

In 2017, Johnson was incarcerated in the Harris County Jail pending charges in state court for unlawfully possessing a firearm as a previously convicted felon.[1] On December 24, 2017, Brown claims that he was assaulted by another inmate at the Jail.[2] Brown contends that Detention Officer Rodriguez witnessed the attack but did not file assault charges against the other inmate.[3] Instead, Officer Rodriguez filed a disciplinary case against Brown for "fighting" with another inmate.[4]

On December 25, 2017, Brown learned that the disciplinary case against him was dismissed.[5] Although the disciplinary case against him was dismissed and he was not physically injured by the assault, Brown complains that he was denied an opportunity to be heard and press criminal charges regarding the incident.[6] Invoking 42 U.S.C. § 1983, Brown sues Officer Rodriguez, Senior Hearing Officer C. Lee, Disciplinary Committee Member C. Moore, Sheriff Ed Gonzalez, and "Unknown Grievance Board Investigators" for violating his right

---

[1] Plaintiff's More Definite Statement, Docket Entry No. 23, p. 1.

[2] Complaint, Docket Entry No. 1, p. 6.

[3] Id.

[4] Plaintiff's More Definite Statement, Docket Entry No. 23, p. 2.

[5] Id.

[6] Id. at 2-3.

to due process and equal protection.[7] Brown claims that these defendants violated his constitutional rights by not filing criminal assault charges against the inmate who assaulted him.[8]

## II. **Discussion**

"To state a claim under [42 U.S.C. § 1983], a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Lefall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted). It is well established that "[a] prisoner does not have a constitutional right to have someone criminally prosecuted" and that there is "no private right of action to bring criminal charges." Back v. Texas Dep't of Criminal Justice Correctional Institutions Div., 716 F. App'x 255, 259 (5th Cir. 2017) (citing Gill v. Texas, 153 F. App'x. 261, 262 (5th Cir. 2005); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990)); see also Linda R.S. v. Richard D., 93 S. Ct. 1146, 1149 (1973) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (rejecting an equal protection claim under § 1983 because neither a member of the public at large nor the victim has a right to have another criminally prosecuted).

---

[7] Id.

[8] Id.

Brown does not otherwise articulate facts showing that he was denied due process or that he was discriminated against in a manner that poses an equal protection violation. Accordingly, this case will be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

III. **Conclusion and Order**

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 filed by the plaintiff, Michael Q. Brown (Docket Entry No. 1) is **DISMISSED with prejudice**.
2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a copy of this order by regular mail or electronic mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 20th day of November, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE